1
2
3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                * * *

6   JAMES LINLOR,                          Case No. 3:20-cv-00165-MMD-CLB

7                         Plaintiff,                ORDER

8        v.

9   NEVADA SECRETARY OF STATE,

10                       Defendant.

11          *Pro se* Plaintiff James Linlor appears to be attempting to sue the Nevada Secretary

12   of State to allow him to wear political apparel into a polling place during tomorrow's

13   general election. (ECF Nos. 1-1, 1-2, 5.) Before the Court are: (1) Magistrate Judge Carla

14   Baldwin's Report and Recommendation (ECF No. 4 ("R&R" or "Recommendation"))

15   recommending the Court dismiss this action because Plaintiff had not either completed

16   an *in forma pauperis* application ("IFP Application") or paid the filing fee at the time she

17   entered the R&R; and (2) Plaintiff's emergency *ex parte* motion for an injunction related

18   to the 2020 presidential election (ECF No. 5 ("Motion")). However, a review of the docket

19   indicates that Plaintiff has not filed a complaint. For this reason, and as further explained

20   below, the Court will reject the R&R as moot, deny Plaintiff's Motion, and dismiss this

21   action without prejudice in the event Plaintiff wishes to file a complaint within the next 30

22   days.

23          The Court begins with a brief procedural history of this case. Plaintiff sent the Court

24   a letter back in March 2020 in which he stated he wished to file a civil complaint, but that

25   he believed he needed the Court's leave to do so because he had been declared a

26   vexatious litigant in California. (ECF No. 1-2.) The letter was accompanied by a 'petition.'

27   (ECF No. 1-1.) Both documents contain references to *Minnesota Voters All. v. Mansky*,

28   138 S. Ct. 1876 (2018), and suggest that Plaintiff would like to be able to wear political

apparel to a polling place in Nevada when he votes in the 2020 presidential election, but that he was purportedly told by someone within the Nevada Secretary of State's office that he would not be allowed to do so. (ECF Nos. 1-1, 1-2.) Both documents also suggest Plaintiff would like some sort of order permitting him to wear political apparel to a polling place to cast his vote. (*See id.*) In September, Judge Baldwin issued a minute order directing Plaintiff to "either pay the $400 filing fee in this matter or fully complete the attached application to proceed in forma pauperis and file it with the Clerk on or before Friday, October 9, 2020[,]" and warned him that failure to do so will result in her entering an order recommending that the Court dismiss the action. (ECF No. 3.) Having received no response from Plaintiff, Judge Baldwin then issued the R&R on October 16, 2020, recommending the Court dismiss this action without prejudice for Plaintiff's failure to either pay the filing fee or submit a completed IFP Application. (ECF No. 4.) The R&R gave Plaintiff until October 30, 2020 to file an objection. On October 30, Plaintiff filed his Motion. (ECF No. 5.) The Motion is unclear, but seems to seek the same sort of relief Plaintiff sought in his initial letter and petition. (*Id.*) Plaintiff then paid the filing fee on November 2, 2020. (ECF No. 6.) Plaintiff never filed an objection to the R&R, or a complaint to initiate the case.

The Court is unable to grant Plaintiff the relief he appears to seek here for several reasons, but perhaps the most significant is that Plaintiff does not yet have a case, because he has not filed a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Thus, the Court lacks jurisdiction over Plaintiff's letter and petition. *See Jane Doe S. v. Vashon Island Sch. Dist.*, 286 F. App'x 375, 376 (9th Cir. 2008) (affirming the district court's conclusion "that it lacked jurisdiction over [a party's 'Petition for Review'" in part because she did not file a complaint). The Court will therefore dismiss this action for lack of subject matter jurisdiction, and deny Plaintiff's Motion, as the Court lacks subject matter jurisdiction to grant Plaintiff the relief he appears to seek.

///

That said, and mindful of Plaintiff's *pro se* status, the Court will liberally construe his filings in this lawsuit. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Plaintiff appears to be attempting to bring some sort of political speech case. (ECF Nos. 1-1, 1-2, 5.) He has also now paid the filing fee (ECF No. 6), albeit late (ECF No. 4). The Court will thus attempt to accommodate Plaintiff by giving him the opportunity to file a complaint that could properly initiate this case. The Court will therefore reject the R&R as moot, and give Plaintiff an opportunity to file a complaint within 30 days of the date of entry of this order.

But the Court instructs Plaintiff that he must nevertheless comply with its procedural rules to the extent he files a complaint in the future. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). The Court issues this instruction because Plaintiff has not followed the Court's rules thus far. As noted, his failure to file a complaint violates Fed. R. Civ. P. 3, and his initial failure to either pay the filing fee or complete an IFP Application violates other rules. *See Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015) (stating that a plaintiff must also pay a filing fee unless the plaintiff submits an IFP application that is accepted by the district court). Further, Plaintiff did not timely respond to Judge Baldwin's minute order. (ECF No. 3.) Nor did he file an objection to the R&R, though he paid the filing fee shortly after the deadline to file an objection to the R&R. (ECF Nos. 4, 6.) In addition, Plaintiff's Motion does not comply with LR 7-4 governing emergency motions. And beyond lack of understanding of the rules, the filings and actions recited above also appear to reflect a lack of diligence on Plaintiff's part. The Court therefore encourages Plaintiff to review both the Federal Rules of Civil Procedure and the Court's Local Rules before attempting to file a complaint, and to exercise diligence in prosecuting his case if he chooses to initiate one. The Court similarly reminds Plaintiff that he must serve any future complaint on any defendants, and give them notice and an opportunity to respond before seeking any relief from the Court.

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that this action is dismissed in its entirety, without prejudice.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 4) is rejected as moot, as the Court accepts Plaintiff's late payment of the filing fee.

It is further ordered that Plaintiff's motion for an emergency *ex parte* injunction (ECF No. 5) is denied.

It is further ordered that, if Plaintiff decides to file a complaint to initiate a case including allegations related to the content of his letter and petition, he must do so within 30 days of the date of entry of this order.

DATED THIS 2nd Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE